IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| NJATHANIEL CRAWFORD, | § CASE # 20-30283-H4-13 |
| Debtor | § CHAPTER 13 |

**RESPONSE TO DEBTORS EMERGENCY MOTION TO
TURN OVER HAZARD INSURANCE PROCEEDS PURSUANT
TO 11 U.S.C. §542 AND 543**
REFERS TO DOC #78

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Caliber Home Loans, Inc., the former servicing agent of U.S. Bank Trust National Association, as Trustee for LSF 10 Master Participation Trust (hereinafter "Caliber"), and files its Response to Debtor's emergency Motion for Turn Over of Hazard Insurance Proceeds Pursuant to 11 U.S.C. §542 and 543 (the "Motion") and would allege as follows:

1. Caliber objects to the motion to the extent that it violates Bankruptcy Rule 7001(1) by seeking relief through a motion when an adversary proceeding would be otherwise required.

2. On or about March 20, 2020 U.S. Bank Trust National Association, as Trustee for LSF 10 Master Participation Trust filed its proof of claim, by and through its servicing agent Caliber Home Loans, Inc.  That proof of claim asserted a claim secured by the real property located at 12218 West Ashley Circle Drive, Houston, Texas (hereinafter the "Claim").   The Claim was transferred to U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust.  A Transfer of claim was field November 3, 2020.  The current servicing agent is SN Servicing

Corporation. As of the date of the transfer of this Claim, Caliber no longer holds an interest in the loan that tis the subject of this claim.

3. Caliber admits the allegations contained in paragraph 1 of the Motion.
4. Caliber admits the allegations contained in paragraph 2 of the Motion.
5. Caliber admits the allegations contained in paragraph 3 of the Motion.
6. Caliber admits the allegations contained in paragraph 4 of the Motion.
7. Caliber admits the allegations contained in paragraph 5 of the Motion.
8. Caliber admits the allegations contained in paragraph 6 of the Motion.
9. Caliber admits the allegations contained in paragraph 7 of the Motion.
10. Caliber admits the allegations contained in paragraph 8 of the Motion.
11. Caliber admits the allegations contained in paragraph 9 of the Motion.
12. Caliber can neither admit or deny the allegations contained in paragraph 10 of the Motion. Caliber's counsel has searched his offices and has been unable to locate the insurance check. The check was mailed to Caliber's counsel after the start of the Covid-19 pandemic. Due to the covid-19 pandemic, Counsel's offices have been operating for months on a limited basis. Mail is not picked up daily. The undersigned counsel has no record of receiving the insurance check. The undersigned counsel does not know whether the insurance check was lost in the mail or whether after it was received it was lost. However, the result is that the insurance check was not forwarded to Caliber Home Loans, Inc., and has not been cashed.
13. Caliber can neither admit or deny the allegations contained in paragraph 11 of the Motion for the reason that it does not have sufficient information to do so.
14. Caliber admits the allegations contained in paragraph 12 of the Motion.

15. Caliber can neither admit or deny the allegations contained in paragraph 13 of the Motion for the reason that it does not have sufficient information to do so.

16. Caliber admits the allegations contained in paragraph 14 of the Motion.

17. Caliber admits the allegations contained in paragraph 15 of the Motion.

18. Caliber can neither admit or deny the allegations contained in paragraph 16 of the Motion for the reason that it does not have sufficient information to do so.

19. Caliber can neither admit or deny the allegations contained in paragraph 17 of the Motion for the reason that it does not have sufficient information to do so.

20. Caliber can neither admit or deny the allegations contained in paragraph 18 of the Motion for the reason that it does not have sufficient information to do so.

21. Caliber can neither admit or deny the allegations contained in paragraph 19 of the Motion for the reason that it does not have sufficient information to do so.

22. Caliber can neither admit or deny the allegations contained in paragraph 20 of the Motion for the reason that it does not have sufficient information to do so.

WHEREFORE, Creditor prays that this Court deny the Motion and for such other and further relief as may be deemed just.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY: /s/ MITCHELL BUCHMAN
MITCHELL BUCHMAN
TX NO. 03290750
1900 ST. JAMES PLACE SUITE 500
HOUSTON, TX 77056
Telephone: (713) 693-2014
Facsimile: (713) 693-2011

E-mail: MITCHELB@BDFGROUP.COM
ATTORNEY FOR CREDITOR

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2020, a true and correct copy of the foregoing pleading was served via electronic means as listed on the Court's ECF noticing system or by regular first class mail to the parties listed on the attached list.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP.

BY: /s/ MITCHELL BUCHMAN
MITCHELL BUCHMAN
TX NO. 03290750

**BY ELECTRONIC NOTICE OR REGULAR FIRST CLASS MAIL:**

**DEBTOR:**
NATHANIEL CRAWFORD
12218 ASHLEY CIRCLE DR. W
HOUSTON, TEXAS 77071


**DEBTOR'S ATTORNEY:**
WAI PING CHEUNG
5959 WEST LOOP SOUTH
SUITE 242
BELLAIRE, TX 77401


**TRUSTEE:**
DAVID PEAKE
9660 HILLCROFT
SUITE 430
HOUSTON, TX 77096

**U.S. TRUSTEE:**
US TRUSTEE
OFFICE OF THE US TRUSTEE
515 RUSK AVE
STE 3516
HOUSTON, TX 77002